

Timothy L. Alger (SBN 160303)
**HARRIS SLIWOSKI LLP**
700 S. Flower Street, Suite 1000
Los Angeles, CA 90071
Telephone: (424) 273-5500
Email: timothy@harris-sliwoski.com

*Attorneys for Plaintiff*
La Unica International Sonora Santanera, S. DE. R.L

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA UNICA INTERNATIONAL SONORA SANTANERA, S. DE. R.L, a Mexico corporation,<br><br>Plaintiff,<br><br>vs.<br><br>YOLANDA ALMAZAN ORTIZ, an individual; NORMA YOLANDA COLORADO ALMAZAN, an individual; GILBERTO NAVARRETE JIMENEZ, an individual; RONY OSORIO, an individual; MARIA FERNANDA ALVO DIAZ, an individual; MALU ELIZONDO, an individual; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff La Unica International Sonora Santanera, S. De. R.L ("La Unica") hereby complains of Yolanda Almazan Ortiz, Norma Yolanda Colorado Almazan, Gilberto Navarrete Jimenez, Rony Osorio, Maria Fernanda Alvo Diaz, Malu Elizondo, and Does 1 through 20, inclusive (collectively "Defendants") and alleges as follows:

## I.    **JURISDICTION AND VENUE**

1.      This is an action for (1) trademark infringement under 15 U.S.C. § 1114, (2) contributory trademark infringement under 15 U.S.C. § 1114, (3) trademark infringement and false designation of origin under 15 U.S.C. § 1125(a), (4) trademark dilution under 15 U.S.C. 1125(c), (5) unfair competition under California Business & Professions Code §§ 17200, et seq., and (6) unfair competition under California common law.

2.      The Court has original subject matter jurisdiction over the claims that relate to trademark infringement and false designation of origin pursuant to 15 U.S.C. §§ 1116 and/or 1121(a) and also pursuant to 28 U.S.C. §§ 1331 and 1338, as these claims arise under the laws of the United States.

3.      The Court has original and supplemental jurisdiction over the claims in this Complaint that arise under state statutory and common law pursuant to 28 U.S.C. §§ 1338(b) and 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

4.      This Court has personal jurisdiction over Defendants because Defendants have a continuous systematic, and substantial relevant presence throughout the United States in multiple judicial districts including within this District and within California. Upon information and belief, Defendants license, sell and/or advertise their music products bearing the infringing marks to consumers across the United States and in California including within this District, perform live music across the United States and within the District under the infringing marks, and ship their products bearing the infringing marks across the United States and to California including within this District. More specifically, Defendants market and advertise their music products and performance services online in connection with the infringing marks through the various URLs which are available and accessible in California and this District. Likewise, Defendants market and advertise their products and performance services

1   on social media through their Instagram accounts, Facebook profiles, ticket sales
2   platform profiles, and other social media, which are accessible in California and this
3   District. By committing acts of trademark infringement, false designation of origin,
4   contributory trademark infringement, trademark dilution, and unfair competition in
5   this District, including, but not limited to, by using infringing marks in connection
6   with the advertisement, marketing, promotion, sale, and offer for sale of goods to
7   customers in this District, Defendants' acts form a substantial part of the events or
8   omissions giving rise to La Unica's claims.

9        5.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(3) and
10  (c)(3) at least because Defendants are not believed to be residents of the United States,
11  and by virtue of being subject to personal jurisdiction within the District.

12                          **II.    THE PARTIES**

13       6.      La Unica is a corporation organized and existing under the laws of
14  Mexico, having a principal place of business at Constantino No. 120 Esq. Leon
15  Caballo, Mexico City, Mexico 070870.

16       7.      La Unica is informed and believes, and based thereon alleges that
17  Defendants are individuals residing in Mexico and/or the United States, and own or
18  control private companies organized and existing under the laws of Mexico and/or the
19  United States, and in relevant part have contact within the United States through music
20  record sales and distributions therein, as well as music performances therein.

21       8.      The true names and capacities of Defendants sued herein as Does 1
22  through 20, inclusive, are unknown at this time to La Unica, and La Unica therefore
23  sues said Defendants by fictitious names pursuant to section 474 of the California
24  Code of Civil Procedure. Plaintiff will amend this Complaint to allege the true names
25  and capacities of the Defendants when the same have been ascertained. La Unica is
26  informed and believes, and based thereon alleges, that each of the Defendants is
27  responsible in some manner for the occurrences, acts and omissions alleged herein,
28  and that La Unica's damages would have been, and will be, proximately caused by

1  their conduct.

2       9.     In doing the acts and things described below, La Unica is informed and

3  believes, and based thereon alleges, that Defendants, and each of them, were the

4  agents, employees, partners, joint venturers, co-conspirators, owners, principals,

5  and/or employers of the remaining Defendants, and each of them, and are, and at all

6  times herein mentioned were, acting within the course and scope of that agency,

7  employment, partnership, conspiracy, ownership or joint venture. La Unica is further

8  informed and believes, and based thereon alleges, that the acts and things described

9  below were known to, authorized and/or ratified by the officers, directors, and

10  managing agents of Defendants, and each of them.

11                    III.    **GENERAL ALLEGATIONS**

12       10.    La Unica is a successful music performance group that is the successor

13  in interest to the rights in and to the SONORA SANTANERA mark. La Unica has

14  been performing in the United States continuously under that mark for many years.

15  La Unica has full rights to the mark and has obtained a trademark registration in the

16  United States in and to the mark. The band members that are part of La Unica have

17  been using the mark in commerce in the United States since at least as late as 1985

18  when records were recorded and distributed in Mexico and the United States. They

19  have numerous records released under the mark, perform shows under the mark, and

20  have extensively advertised and monetized the mark in connection with their music

21  stylings in the United States.

22       11.    La Unica owns by prior assignment U.S. Trademark Registration No.

23  3,575,958 (the "'958 Registration") for the SONORA SANTANERA Mark. Attached

24  hereto as **Exhibit 1** is a true and correct copy of the '958 Registration, which is

25  incorporated by reference.

26       12.    La Unica also has obtained national state-based common law rights in

27  the SONORA SANTANERA Mark by virtue of its continuous and extensive usage,

28  marketing, and advertising throughout each state in the United States, as well as its

acquisition through assignment of all prior use rights in and to the Mark.

13.    As a result of La Unica's long, continuous, extensive and exclusive use of the SONORA SANTANERA Mark, as well as its marketing, promotion, and sale of its music records, the relevant public has come to recognize the SONORA SANTANERA Mark as identifying goods and services that originate from or are otherwise associated exclusively with La Unica and its band members. La Unica has spent enormous time, effort, and expense to create valuable goodwill in the SONORA SANTANERA Mark.

14.    After La Unica's extensive usage of and rights in and to the mark in the United States began, and after it obtained its '958 Registration in connection with its music sales and performances, Defendants used the mark SONORA SANTANERA and modified versions thereof in connection with their music licensing, sales and performances in the United States.

15.    Defendants are not affiliated with La Unica. La Unica has never given any of the Defendants license, permission or authority to use or display the SONORA SANTANERA Mark or any similar mark.

16.    Upon information and belief, Yolanda Almazan Ortiz, Norma Yolanda Colorado Almazan, and Gilberto Navarrete Jimenez have engaged in a scheme to license the SONORA SANTANERA Mark for use by other music performers in the United States, including without limitation other Defendants, and have received money for such use by the infringers.

17.    On or around June 3, 2024, Norma Yolanda Colorado Almazan, and Gilberto Navarrete Jimenez initiated a cancellation proceeding against the Plaintiff's '958 Registration before the Trademark Trial and Appeal Board. That proceeding is in the preliminary stages and no final determinations have yet been made by the Board as of the date of filing this action.

18.    Upon information and belief, any rights Yolanda Almazan Ortiz, Norma Yolanda Colorado Almazan, or Gilberto Navarrete Jimenez assert to have in the

SONORA SANTANERA Mark have been extinguished by either abandonment through extensive periods of non-use, or through blind licensing of the mark to other music performers, including to the other Defendants.

19.    Meanwhile, Plaintiff and its band members have used the SONORA SANTANERA Mark continuously over many years as averred above, have obtained trademark registration and ownership recognition in the United States and Mexico, and have enforced their rights through cease-and-desist letters and this action.

20.    Defendants have attempted to capitalize on La Unica's valuable reputation and customer goodwill in the SONORA SANTANERA Mark by using their confusingly similar SONORA SANTANERA marks and modifications therefrom in connection with the licensing, advertisement, marketing, promotion, sale, and/or offer for sale of music record sales and music performances in the United States.

21.    A common theme used by the Defendants is to use the SENORA SANTANERA Mark in combination with the name of the person who is performing with their music groups or who appears as a singer on their albums.

22.    Without permission or consent from La Unica, Defendants have infringed La Unica's SONORA SANTANERA Mark in interstate commerce by unlawfully licensing and by advertising, marketing, promoting, selling, and/or offering to sell products and services under the SONORA SANTANERA Mark and confusingly similar marks modified therefrom and incorporating it therein as stated above.

23.    La Unica is informed and believes, and based thereon alleges, that Defendants' actions are intended to cause confusion, mistake, or deception as to the source of Defendants' music records and performance services and are intended to cause consumers and potential customers to believe that Defendants' concerts and records are associated with, sponsored by, originate from, or are approved by La Unica or its band members, when they are not.

24.    By virtue of the acts complained of herein, Defendants have created a likelihood of injury to La Unica's business reputation and goodwill, caused a likelihood of consumer confusion, mistake, and deception as to the source of, origin, or relationship of Defendants' music records and music performances with La Unica, and have otherwise competed unfairly with La Unica by unlawfully trading on and using La Unica's SONORA SANTANERA Mark and confusingly similar marks without La Unica's permission or consent.

25.    Upon information and belief, Defendants' acts complained of herein have resulted in actual consumer confusion. Customers have reached out to La Unica with confusion regarding Defendants' products sold under the SONORA SANTANERA Mark and confusingly similar marks derived and modified therefrom. Furthermore, marketers, concert venues, and ticket sales outlets have used La Unica's name in connection with performances of the Defendants or their unlawful licensees to sell their music products and advertise their music performances.

26.    Furthermore, music venues have opted to hire the United States' unlawful licensees instead of La Unica for performances, because they are located within the United States rather than Mexico. This has caused actual financial losses for the Plaintiff.

27.    La Unica is informed and believes, and based thereon alleges, that Defendants' acts complained of herein are willful and deliberate.

28.    Defendants expanded their licensing and respective music product lines or otherwise continued to perform under the mark within the United States even after receiving actual notice of La Unica's prior rights in its SONORA SANTANERA Mark for music and music performances.

29.    Defendants' acts complained of herein have damaged La Unica in an amount to be determined at trial, and such damages will continue to increase unless Defendants, the marketers, and concert venues hosting them, are enjoined from their wrongful acts and infringement.

30.    Defendants' acts complained of herein have caused La Unica to suffer irreparable injury to its business.  La Unica will suffer substantial loss of goodwill and reputation unless and until Defendants are preliminarily and permanently enjoined from the wrongful acts complained of herein.

## IV.    FIRST CLAIM FOR RELIEF

### (Trademark Infringement under 15 U.S.C. § 1114)

### (Against All Defendants)

31.    La Unica hereby repeats, realleges, and incorporates by reference paragraphs 1-29 of this Complaint as though fully set forth herein.

32.    This is a claim for trademark infringement under 15 U.S.C. § 1114.

33.    La Unica owns the valid and enforceable federally registered trademark for the SONORA SANTANERA Mark, specifically the '958 Registration.

34.    Defendants has used in commerce, without permission from La Unica, a colorable imitation, and/or confusingly similar mark to La Unica's SONORA SANTANERA  Mark, which is the subject of the '958 Registration, in connection with the advertising, marketing, promotion, sale, and/or offer for sale of Defendants' music products and services. Such use is likely to cause confusion or mistake, or to deceive.

35.    La Unica is informed and believes, and based thereon alleges that Defendants acted with the intent to trade upon La Unica's reputation and goodwill built over decades by causing confusion and mistake among customers and the public and to deceive the public into believing that Defendants' products are associated with, sponsored by, originate from, or are approved by, La Unica or its band members, when they are not.

36.    Defendants' activities complained of herein constitute willful and intentional infringement of La Unica's registered trademark.

37.    La Unica is informed and believes, and based thereon alleges that Defendants had actual knowledge of La Unica's ownership and prior use of the SONORA SANTANERA Mark in the United States, and that Defendants have willfully infringed La Unica's trademark rights under 15 U.S.C. § 1114.

38.    Defendants, by their actions, have damaged La Unica in an amount to be determined at trial.

39.    Defendants, by their actions, have irreparably injured La Unica. Such irreparable injury will continue unless Defendants are preliminarily and permanently enjoined by this Court from further violating La Unica's rights, for which La Unica has no adequate remedy at law.

## V.    SECOND CLAIM FOR RELIEF

**(Contributory Trademark Infringement under 15 U.S.C. § 1114)**

**(Against Defendants Yolanda Almazan Ortiz, Norma Yolanda Colorado Almazan, and Gilberto Navarrete Jimenez)**

40.    La Unica hereby repeats, realleges, and incorporates by reference paragraphs 1-39 of this Complaint as though fully set forth herein.

41.    This is a claim for contributory trademark infringement under 15 U.S.C. § 1114.

42.    La Unica owns the valid and enforceable federally registered trademark for the SONORA SANTANERA Mark, specifically the '958 Registration.

43.    Defendants Yolanda Almazan Ortiz, Norma Yolanda Colorado Almazan, and Gilberto Navarrete Jimenez have induced others to use commerce, without permission from La Unica, a colorable imitation, and/or confusingly similar mark to La Unica's SONORA SANTANERA Mark, which is the subject of the '958 Registration, in connection with the advertising, marketing, promotion, sale, and/or offer for sale of music products and services. Such use is likely to cause confusion or mistake, or to deceive.

44.    La Unica is informed and believes, and based thereon alleges that Defendants Yolanda Almazan Ortiz, Norma Yolanda Colorado Almazan, and Gilberto Navarrete Jimenez acted with the intent to trade upon La Unica's reputation and goodwill built over decades by causing confusion and mistake among customers that products she induced to be released into commerce are associated with, sponsored by, originate from, or are approved by, La Unica or its band members, when they are not.

45.    Defendants Yolanda Almazan Ortiz, Norma Yolanda Colorado Almazan, and Gilberto Navarrete Jimenez's activities complained of herein constitute willful and intentional contributory infringement of La Unica's registered trademark.

46.    La Unica is informed and believes, and based thereon alleges that Defendants Yolanda Almazan Ortiz, Norma Yolanda Colorado Almazan, and Gilberto Navarrete Jimenez had actual knowledge of La Unica's ownership and prior use of the SONORA SANTANERA Mark in the United States, and that Defendants Yolanda Almazan Ortiz, Norma Yolanda Colorado Almazan, and Gilberto Navarrete Jimenez have willfully contributorily infringed La Unica's trademark rights under 15 U.S.C. § 1114.

47.    Defendants Yolanda Almazan Ortiz, Norma Yolanda Colorado Almazan, and Gilberto Navarrete Jimenez, by their actions, have damaged La Unica in an amount to be determined at trial.

48.    Defendants Yolanda Almazan Ortiz, Norma Yolanda Colorado Almazan, and Gilberto Navarrete Jimenez, by their actions, have irreparably injured La Unica. Such irreparable injury will continue unless they are preliminarily and permanently enjoined by this Court from further violating La Unica's rights, for which La Unica has no adequate remedy at law.

//

//

# V.    **THIRD CLAIM FOR RELIEF**

## (Trademark Infringement and False Designation of Origin

## Under 15 U.S.C. § 1125(a))

### (Against All Defendants)

49.    La Unica hereby repeats, realleges, and incorporates by reference paragraphs 1-48 of this Complaint as though fully set forth herein.

50.    This is an action for trademark infringement and false designation of origin under 15 U.S.C. § 1125(a).

51.    As a result of La Unica's widespread use and promotion of the SONORA SANTANERA Mark, the mark has acquired strong secondary meaning to consumers and potential customers, in that consumers and potential customers have come to associate the SONORA SANTANERA Mark with La Unica.

52.    Defendants have infringed the SONORA SANTANERA Mark and created a false designation of origin by using in commerce, without La Unica's permission, the SONORA SANTANERA Mark and other confusingly similar marks derived therefrom in connection with the advertising, marketing, promotion, sale, and/or offer for sale of Defendants' music products and services.

53.    Defendants' actions are likely to cause confusion and mistake, or to deceive as to the affiliation, connection, or association of Defendants with La Unica, and/or as to the origin, sponsorship, or approval of Defendants' products and services or commercial activities, in violation of 15 U.S.C. § 1125(a).

54.    La Unica is informed and believes, and based thereon alleges that Defendants have acted with the intent to trade upon La Unica's reputation and goodwill by causing confusion and mistake among customers and the public and to deceive the public into believing that Defendants' music products and services are associated with, sponsored by, or approved by La Unica, when they are not.

55.    La Unica is informed and believes, and based thereon alleges that Defendants had actual knowledge of La Unica's ownership and prior us rights of

the SONORA SANTANERA Mark and, without La Unica's consent, willfully violated 15 U.S.C. § 1125(a).

56.    Defendants, by their actions, have damaged La Unica in an amount to be determined at trial.

57.    Defendants, by their actions, have irreparably injured La Unica. Such irreparable injury will continue unless Defendants are preliminarily and permanently enjoined by this Court from further violating La Unica's rights, for which La Unica has no other adequate remedy at law.

## VI.    FOURTH CLAIM FOR RELIEF

### (Trademark Dilution Under 15 U.S.C. 1125(c))

### (Against All Defendants)

58.    La Unica hereby repeats, realleges, and incorporates by reference paragraphs 1-57 of this Complaint as though fully set forth herein.

59.    La Unica owns a federal trademark registration for the SONORA SANTANERA Mark.

60.    La Unica's SONORA SANTANERA Mark is distinctive, famous, and widely recognized by the relevant consuming public in the United States as a designation of source of music made by La Unica and its band members.

61.    Defendants are using the SONORA SANTANERA Mark and marks closely resembling La Unica's SONORA SANTANERA Mark in the same classes of goods and services as La Unica.

62.    Defendants' use of the SONORA SANTANERA Mark in connection with music performances, music record sales and distributions, and music promotion is likely to cause dilution by blurring by impairing the distinctive quality of La Unica's SONORA SANTANERA Mark in violation of Section 43(c) of the Lanham Act, 15 U.S.C. 1125(c).

63.    Defendants' use of the SONORA SANTANERA mark in connection with music performances, music record sales and distributions, and music

promotion is likely to cause dilution by tarnishment by harming the reputation of La Unica's SONORA SANTANERA Mark in violation of Section 43(c) of the Lanham Act, 15 U.S.C. 1125(c).

64.    Defendants' use of the SONORA SANTANERA Mark in connection with music performances, music record sales and distributions, and online advertising and promotion of music products and services also constitutes contributory dilution by blurring and contributory dilution by tarnishment because Defendants' work with venues, promoters, and others who then use the SONORA SANTANERA Mark themselves to advertise, resell, distribute, and promote their music to audiences and consumers.

65.    Defendants' willful and wrongful conduct has caused and is continuing to cause irreparable harm to La Unica for which La Unica has no adequate remedy at law. Defendants have been unjustly enriched and La Unica's SONORA SANTANERA Mark has been damaged on account of the unlawful conduct of the Defendants.

## VII.    FIFTH CLAIM FOR RELIEF
### (Unfair Competition under California Business & Professions Code §§ 17200 *et seq.*)
### (Against All Defendants)

66.    La Unica hereby repeats, realleges, and incorporates by reference paragraphs 1-65 of this Complaint as though fully set forth herein.

67.    This is an action for unfair competition under California Business & Professions Code §§ 17200, *et seq.*

68.    By virtue of the acts complained of herein, Defendants have intentionally caused a likelihood of confusion among consumers and the public and has unfairly competed with La Unica in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*

69.    Defendants' acts complained of herein constitute trademark

infringement, unfair competition, and unlawful, unfair, or malicious business practices, which have injured and damaged La Unica.

70.    Defendants, by their actions, have irreparably injured La Unica. Such irreparable injury will continue unless Defendants are preliminarily and permanently enjoined by this Court from further violating La Unica's rights, for which La Unica has no other adequate remedy at law.

## VII.    SIXTH CLAIM FOR RELIEF

### (California Common Law Unfair Competition)

### (Against All Defendants)

71.    La Unica hereby repeats, realleges, and incorporates by reference paragraphs 1-70 of this Complaint as though fully set forth herein.

72.    Defendants' acts complained of herein constitute trademark infringement and unfair competition under the common law of the State of California.

73.    By virtue of the acts complained of herein, Defendants have willfully and intentionally caused a likelihood of confusion among the purchasing public in California, thereby unfairly competing with La Unica in violation of the common law of the State of California.

74.    Defendants' aforementioned acts have damaged La Unica in an amount to be determined at trial.

75.    Defendants have irreparably injured La Unica. Such irreparable injury will continue unless Defendants are preliminarily and permanently enjoined by this Court from further violating La Unica's rights, for which La Unica has no adequate remedy at law.

76.    Defendants' willful acts of unfair competition under California common law constitute fraud, oppression and malice. Accordingly, La Unica is entitled to exemplary damages pursuant to Cal. Civ. Code Section § 3294(a).

## **PRAYER FOR RELIEF**

**WHEREFORE,** La Unica prays for judgment against Defendants as follows:

A.    That the Court render a final judgment in favor of La Unica and against Defendants on all claims for relief alleged herein;

B.    That the Court render a final judgment that Defendants have willfully violated the provisions of 15 U.S.C. § 1114 by infringing La Unica's trademark rights in at least the mark that is the subject of La Unica's U.S. '958 Trademark Registration.

C.    That the Court render a final judgment that Defendants have violated the provisions of 15 U.S.C. § 1125(a) by willfully infringing the SENORA SANTANERA Mark by using a false designation of origin, through the marketing, sale, licensing, and promotion of Defendants' products and services;

D.    That the Court render a final judgment declaring that Defendants have violated California Business and Professions Code §§ 17200, *et seq.* by unfairly competing with La Unica;

E.    That the Court render a final judgment declaring that Defendants have violated California common law by unfairly competing with La Unica;

F.    That Defendants, their agents, servants, employees, attorneys, successors, and assigns, and all other persons in active concert or participation with Defendants be enjoined from:

       i.    unlawfully licensing the SONORA SANTANERA Mark to other music performers in the United States;

       ii.    using the SONORA SANTANERA Mark and any other mark that is confusingly similar to the SONORA SANTANERA Mark in connection with the advertisement, marketing, promotion, licensing, sale, or offer for sale of Defendants' music products and services, including, but not limited to album sales and music performances;

iii.    using the SONORA SANTANERA Mark or any confusingly similar mark in any manner that is likely to create the impression that Defendants' products and services originate from La Unica, are endorsed by La Unica, or are connected in any way with La Unica or its band members;

iv.    filing any applications for registration of the SONORA SANTANERA Mark or marks derived therefrom, and any trademarks including "SONORA SANTANERA" or any other mark that is confusingly similar to the SONORA SANTANERA Mark;

v.    falsely designating the origin of Defendants' products and services;

vi.    unfairly competing with La Unica in any manner whatsoever;

vii.    causing a likelihood of confusion with or injury to La Unica's brand and business reputation; and

viii.    pursuing cancellation proceedings to cancel La Unica's ' 958 Trademark Registration with the Trademark Trial and Appeal Board, one of which is currently pending.

G.    That Defendants be directed to file with this Court and serve on La Unica within thirty (30) days after the service of the injunction, a report, in writing, under oath, setting forth in detail the manner and form in which they have complied with the injunction pursuant to 15 U.S.C. § 1116;

H.    That Defendants be required to account to La Unica for any and all profits derived by Defendants by virtue of Defendants' acts complained of herein;

I.    That Defendants be ordered to pay La Unica all damages which La Unica has sustained as a consequence of the acts complained of herein, subject to proof at trial, together with prejudgment and post-judgment interest;

J.    That this case be deemed exceptional and the amount of damages be trebled and that the amount of profits be increased by as many times as the

Court deems appropriate, pursuant to 15 U.S.C. § 1117;

K.    That La Unica be awarded exemplary damages from Defendants pursuant to Cal. Civ. Code. § 3294;

L.    That Defendants' actions be deemed willful;

M.    That an award of reasonable costs, expenses, and attorneys' fees be awarded to La Unica pursuant to at least 15 U.S.C. § 1117;

N.    That Defendants be required to deliver and destroy all devices, literature, advertising, goods, records, sound recordings, and other unauthorized materials bearing or including the SONORA SANTANERA and/or mark modified therefrom bearing the SONORA SANTANERA Mark, or any confusingly similar marks, pursuant to 15 U.S.C. § 1118;

O.    That La Unica be awarded restitution and disgorgement; and

P.    That La Unica be awarded such other and further relief as this Court may deem just.


Dated: March 11, 2025             HARRIS SLIWOSKI LLP

                                  By: _____
                                      Timothy L. Alger

                                      *Attorneys for Plaintiff*
                                      La Unica International Sonora Santanera S. de R.L

# **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff La Unica Internacional hereby demands a trial by jury on all issues so triable.

Dated: March 11, 2025

HARRIS SLIWOSKI LLP

By: _____
Timothy L. Alger

*Attorneys for Plaintiff*
La Unica International Sonora Santanera,
S. DE. R.L.