UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL        'O'

| Case No. | 2:25-cv-02147-CAS-AJRx | Date | June 23, 2025 |
|---|---|---|---|
| Title | La Unica International Sonora Santanera, S. De. R.L v. Yolanda Ortiz et al | | |

Present: The Honorable **CHRISTINA A. SNYDER**

| Catherine Jeang | Gaye Limon | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:      Attorneys Present for Defendants:

Timothy Alger                          Paulo De Almeida

**Proceedings:**    MOTION TO DISMISS (Dkt. 21, filed on May 22, 2025)

## I.    INTRODUCTION

On March 11, 2025, plaintiff La Unica International Sonora Santera, S. De. R.L. ("La Unica" or "plaintiff") filed this action against defendants Yolanda Almazan Ortiz ("Ortiz"), Norma Yolanda Colorado Almazan ("Almazan"), Gilberto Navarette Jimenez ("Jimenez"), Rony Osorio, Maria Fernanda Alvo Diaz, and Malu Elizondo ("Elizondo"). Dkt. 1 ("Compl."). Plaintiff alleges six claims for relief: (1) trademark infringement, 15 U.S.C. § 1114; (2) contributory trademark infringement, 15 U.S.C. § 1114; (3) trademark infringement and false designation of origin, 15 U.S.C. § 1125(a); (4) trademark dilution, 15 U.S.C. § 1125(c); (5) unfair competition under California Business and Professions Code §§ 17200 *et seq.*; and (6) California common law unfair competition. Plaintiff's second claim for relief is alleged against Ortiz, Almazan, and Jimenez, while its other claims are alleged against all defendants. Id.

On May 22, 2025, Elizondo filed the instant motion to dismiss the Complaint against her. Dkt. 21 ("Mot."). On June 2, 2025, plaintiff filed its opposition. Dkt. 22 ("Opp."). On June 9, 2025, Elizondo filed her reply. Dkt. 23 ("Reply").

On June 23, 2025, the Court held a hearing. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**    'O'

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-02147-CAS-AJRx | Date | June 23, 2025 |
| Title | La Unica International Sonora Santanera, S. De. R.L v. Yolanda Ortiz et al | | |

## II.   BACKGROUND

La Unica alleges that it is a successful music performance group that is the successor in interest to the Sonora Santera mark (the "mark"), under which it has been performing in the United States continuously for many years. Compl. ¶ 10. La Unica states that it has full rights to the mark and has obtained a trademark registration in the United States in and to the mark. Id. La Unica asserts that it owns by prior assignment U.S. Trademark Registration No. 3,575,958. Id. ¶ 11.

La Unica alleges that due to its extensive and continuous use, the public has come to recognize the mark "as identifying goods and services that originate from or are otherwise associated exclusively with La Unica and its band members," an identification that plaintiff has spent time, effort, and expense to generate. Id. ¶ 13. La Unica alleges that after it began extensive use of the mark in the United States and obtained its trademark registration, in connection with its music sales and performances, defendants used the mark "and modified versions thereof in connection with their music licensing, sales and performances in the United States." Id. ¶ 14. Plaintiff asserts that it has never provided license, permission, or authority to any of the defendants to use or display the mark or any similar mark. Id. ¶ 15.

La Unica asserts, on information and belief, that three defendants, Ortiz, Almazan, and Jimenez, have "engaged in a scheme to license the … mark for use by other music performers in the United States, including without limitation other [d]efendants, and have received money for such use by the infringers." Id. ¶ 16.

Each party is pursuing a claim that the other party's claim to the mark is invalid. On or about June 3, 2024, plaintiff asserts, defendants Almazan and Jimenez, initiated a cancellation proceeding against the mark, which remains pending, while plaintiff claims that on information and belief, any rights Ortiz, Almazan, and Jimenez assert to the mark have been extinguished by abandonment or through blind licensing of the mark to other music performers, including to the other defendants. Id. ¶¶ 17-18.

The Court sets forth the following three paragraphs in full here, as plaintiff alleges they are the three paragraphs that give rise to the claims against Elizondo:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:25-cv-02147-CAS-AJRx | Date | June 23, 2025 |
|---|---|---|---|
| Title | La Unica International Sonora Santanera, S. De. R.L v. Yolanda Ortiz et al | | |

> Defendants have attempted to capitalize on La Unica's valuable reputation and customer goodwill in the SONORA SANTANERA Mark by using their confusingly similar SONORA SANTANERA marks and modifications therefrom in connection with the licensing, advertisement, marketing, promotion, sale, and/or offer for sale of music record sales and music performances in the United States ….
>
> Without permission or consent from La Unica, Defendants have infringed La Unica's SONORA SANTANERA Mark in interstate commerce by unlawfully licensing and by advertising, marketing, promoting, selling, and/or offering to sell products and services under the SONORA SANTANERA Mark and confusingly similar marks modified therefrom and incorporating it therein as stated above ….
>
> Defendant[] has used in commerce, without permission from La Unica, a colorable imitation, and/or confusingly similar mark to La Unica's SONORA SANTERA Mark, which is the subject of the '958 Registration, in connection with the advertising, marketing, promotion, sale, and/or offer for sale of Defendants' music products and services. Such use is likely to cause confusion or mistake, or to deceive.

¶¶ 20, 22, 34.

### III.   LEGAL STANDARD

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" <u>Conservation Force v. Salazar</u>, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting <u>Balisteri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'

| Case No. | 2:25-cv-02147-CAS-AJRx | Date | June 23, 2025 |
|---|---|---|---|
| Title | La Unica International Sonora Santanera, S. De. R.L v. Yolanda Ortiz et al | | |

do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); see Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:25-cv-02147-CAS-AJRx | Date | June 23, 2025 |
|---|---|---|---|
| Title | La Unica International Sonora Santanera, S. De. R.L v. Yolanda Ortiz et al | | |

## IV. DISCUSSION

Elizondo argues that she should be dismissed from this case because she "has nothing to do with the other parties' dispute over the band name." Mot. at 3 (emphasis omitted). She argues that she has never performed under nor sold music under the Sonora Santera mark and contends that the Complaint does not allege that she has. Id. Additionally, she is not named anywhere in the Complaint other than on the caption page, and the Complaint makes no specific allegations against her. Id. Accordingly, Elizondo argues that the Complaint must be dismissed as against her. Id. In the alternative, Elizondo contends that the Complaint is so vague and ambiguous that she is unable to understand the nature of the claims against her, and thus that plaintiff must be ordered to provide a more definite statement. Id.

Elizondo argues that the Complaint is devoid of specific allegations against her and that the few substantive allegations in the Complaint are against other defendants. Id. at 4. Elizondo argues that she is not included in abandonment or licensing allegations, nor are there any allegations in the Complaint about licensing in which she was included, "to the extent [p]laintiff is suggesting she is a licensee." Id. As to allegations made against all defendants, Elizondo contends that "these allegations are vague and lack any meaningful detail." Id. She argues, for example, that plaintiff alleges that defendants used the disputed mark in record sales and music performances, but that Elizondo is not a performer and does not sell music records. Id. According to Elizondo, it is clear that the allegations are directed at the other musician defendants and not at Elizondo, who does not provide music and performance services and who is not alleged to be a performer nor is it alleged that she licensed the mark. Id. at 6. Elizondo argues that plaintiff has improperly conflated her with other defendants and has not alleged facts that give rise to a plausible claim against her. Id.

Elizondo argues that leave to amend should be denied as futile because at counsel's conference prior to filing, counsel for plaintiff "was unable to articulate any specific instances of misconduct" by Elizondo. Id. at 7. Additionally, Elizondo argues that "[c]ounsel suggested [p]laintiff might amend the Complaint, but no amended pleading has been filed." Id. According to Elizondo, plaintiff has named her as a defendant because she is a resident of the United States, while her co-defendants are residents of Mexico. Id., n. 2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:25-cv-02147-CAS-AJRx | Date | June 23, 2025 |
|---|---|---|---|
| Title | La Unica International Sonora Santanera, S. De. R.L v. Yolanda Ortiz et al | | |

Elizondo argues that in the alternative, the Court should require that under Rule 12(e), the Court order plaintiff to provide a more definitive statement of its pleading, given that the Complaint is ambiguous as to how Elizondo used the disputed mark. Id.

In opposition, plaintiff argues that its Complaint "includes sufficient facts to state plausible claims for trademark infringement, trademark dilution, and unfair competition against Elizondo." Opp. at 2. Plaintiff contends that the factual bases which supports its claims against Elizondo are omitted from her Motion to Dismiss. Id. Plaintiff, citing to Elizondo's LinkedIn profile, argues that because she is "a self-described agent, manager, and promoter specializing in Latin music performers," she "necessarily understands the nature of the claims asserted against her and has fair notice upon what factual basis those claims rest." Id. Plaintiff argues that it is not required to detail each act supporting the allegations of infringement committed by each defendant to prevent dismissal of claims against Elizondo. Id. Plaintiff contends that to state a claim it adequately alleges that defendants infringed on its mark, how that mark was infringed, and the parties who participated. Id. at 3. Accordingly, it argues, there is no surprise for Elizondo. Id. Plaintiff argues that in paragraphs 20, 22, and 34 of its Complaint, it has stated a claim against Elizondo because it has made allegations regarding infringement by all defendants. Id. at 4-5.

Next, plaintiff argues that it has satisfied the Rule 8 pleading standard and has stated a plausible claim against Elizondo because it has provided "clear factual allegations identifying Elizondo's participation in the unlawful use of [p]laintiff's" mark, including "her role in the advertising, marketing, and promotion of musical performances using [p]laintiff's mark or confusingly similar marks." Id. at 5-6. Plaintiff argues that though Elizondo claims she is unconnected to the infringing activity, the Complaint plausibly alleges that all defendants, including Elizondo, used or facilitated use of its mark in commerce without authorization. Id. at 6. Plaintiff restates that paragraphs 20, 22, and 34 of its Complaint allege that all defendants "participated in advertising, marketing, and sales of infringing music services/performances, all sufficient to raise a plausible inference of [Elizondo's] liability under both direct and contributory trademark infringement theories." Id. Plaintiff reiterates its argument that it need not allege precise dates and times of each instance of infringement at this stage, and that courts in the Ninth Circuit "disfavor granting 12(b)(6) motions where fair notice of the claim is apparent." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:25-cv-02147-CAS-AJRx | Date | June 23, 2025 |
|---|---|---|---|
| Title | La Unica International Sonora Santanera, S. De. R.L v. Yolanda Ortiz et al | | |

Plaintiff argues that its Complaint is not impermissibly vague or ambiguous pursuant to Rule 12(e), and thus that it has presented facts that can be admitted or denied. Id. at 7. Plaintiff contends that the "Complaint alleges Elizondo engaged in infringing activity by promoting and advertising services under the infringing mark." Id. According to plaintiff, even if Elizondo were a non-performing promoter or marketer that used the mark, she would be liable for her involvement in commercial exploitation of the trademark, due to her lack of authorization. Id. Plaintiff argues that Elizondo's argument that she is not a performer does not serve to immunize her from liability for her promotional or licensing role. Id. Finally, plaintiff contends that, should its Complaint be dismissed, it should be granted leave to amend. Id.

In reply, Elizondo reiterates that plaintiff's Complaint is insufficient to state a claim against her. Reply at 2. Elizondo argues that though plaintiff cites to her LinkedIn profile, nothing therein "supports or even relates to [p]laintiff's allegations of trademark infringement," nor is her LinkedIn page properly considered on a motion to dismiss. Id. (emphasis omitted). Elizondo compares the instant case to Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) and argues that the referenced paragraphs of the Complaint "contain only threadbare recitals of conclusory jargon." Id. at 3. Finally, Elizondo restates that a more definitive statement is required, as she cannot be expected to admit or deny this kind of vague allegation. Id. at 7.

The Court concludes that defendants have failed to state a claim against Elizondo. Pursuant to Rule 12(b)(6), in order to state a claim, a plaintiff must provide the grounds for the relief sought against a particular defendant, which the Supreme Court has made clear "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Indeed, the factual allegations put forth in a complaint must bring the allegations therein beyond the level of speculative to plausible. Id. Pursuant to Rule 8, plaintiff is required to plead a short and plain statement of its claim which provides the defendant with fair notice of the grounds on which it rests. Qarbon.com Inc. v. eHelp Corp., 315 F. Supp. 2d 1046, 1048 (N.D. Cal. 2004) (citing Conley v. Gibson, 355 U.S. 41, 47 (1957).

Here, Plaintiff has not met either standard. Plaintiff has not provided the grounds for relief sought against Elizondo, nor has it provided a short and plain statement of its claim which would provide her with fair notice. As Elizondo points out, the Complaint does not make any allegations against her, nor does it make clear how exactly she was

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-02147-CAS-AJRx | Date | June 23, 2025 |
| Title | La Unica International Sonora Santanera, S. De. R.L v. Yolanda Ortiz et al | | |

involved in the allegations brought against all defendants as a group. Though plaintiff argues in opposition that Elizondo's LinkedIn profile describes her as an agent manager, and promoter specializing in Latin music performers, and that on this basis she must both "necessarily understand[] the nature of the claims asserted against her" and have "fair notice upon what factual basis those claims rest," this is insufficient for plaintiff to meet the requisite pleading standards. Opp. at 2. Elizondo is not required to guess what the allegations against her might be, as plaintiff suggests. Rather, plaintiff is required to set out these allegations in a short, plain statement in its Complaint. It has failed to do so here.

Indeed, plaintiff has failed to plead any facts about Elizondo specifically such that she would be on notice of the claims against her. General pleadings against all defendants that do not specify particular actions by a relevant defendant do not sufficiently state a claim pursuant to Rule 12(b)(6). See Iqbal, 556 U.S. at 680-81. Here, the three paragraphs to which plaintiff repeatedly cites make no specific allegations against Elizondo, nor does plaintiff provide any factual information about Elizondo such that she or the Court can determine how plaintiff alleges she is involved in this trademark dispute. Compl. ¶ 20, 22, 34. Though plaintiff is correct that it need not set forth every instance and detail of infringement, here it has provided no details, and thus Elizondo has not been made aware of any factual basis for allegations against her. Therefore, the Complaint must be dismissed, with leave to amend.

Given that the Court finds that plaintiff's Complaint must be dismissed on the basis of Rules 8 and 12(b)(6), the Court does not reach the Rule 12(e) grounds for a more definitive statement put forth by Elizondo.

**V.     CONCLUSION**

In accordance with the foregoing, the Court **GRANTS** Elizondo's motion to dismiss, with leave to amend.

Plaintiff shall file an amended complaint within 30 days.

IT IS SO ORDERED.

| | 00 | : | 10 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |